Motion Date:  December 2, 2015
Motion Time: 11:30am

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                                    Case No. 1-15-42036-nhl

SBTICKETS.COM LLC,                                         CHAPTER 11

                        Debtor.
--------------------------------------------------------X

**NOTICE OF MOTION FOR ORDER PURSUANT TO
BANKRUPTCY RULE 9019 SEEKING THE ENTRY OF AN ORDER
APPROVING THE CLASS ACTION SETTLEMENT**

**PLEASE TAKE NOTICE** that upon the annexed motion of MARK E. COHEN, ESQ., attorney for the debtor, SBTICKETS.COM LLC, the undersigned will move before HONORABLE NANCY HERSHEY LORD, United States Bankruptcy Judge, at the Courthouse located at 271 Cadman Plaza East, Room 2529, Brooklyn, New York on the 2nd day of December, 2015 at 11:30 a.m. of that day, or as soon thereafter as counsel can be heard, for an Order pursuant to Bankruptcy Rule 9019 approving the Class Action Settlement Agreement Between David Iacovelli, Kham Lin, Judy Paulson, Brendan Redwood and Brent Sterritt v. SBTickets.com, LLC and Paul Jones, together with such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Debtor shall serve the entire Motion, with exhibits attached, by regular mail upon: (a) the Office of the United States Trustee, (b) the law firm of Keller Rohrback L.LP., the attorneys for the plaintiffs in the Class Action Lawsuit, and (c) upon all other parties who have appeared in this Chapter 11 case, to wit, The State of Washington and Dennis Baldi. Only the Notice of Motion is being served upon the creditors as set forth in the debtor's Schedule E, all other creditors in this case

being represented by Keller Rohrback, L.L.P. in the Class Action Lawsuit.  The complete

copy of this application including the Class Action Settlement Agreement is on file with

the United States Bankruptcy Court at the same address written above and may be

examined at the Clerk's office during its business hours.

**PLEASE TAKE FURTHER NOTICE** that pursuant to E.D.N.Y. LBR 9006-1,

answering papers, if any, shall be served upon the undersigned at least seven (7) days prior to the

return date thereof.

Dated: Forest Hills, New York
        October 29, 2015

                        s/Mark E. Cohen, Esq.
                        MARK E. COHEN, ESQ. [MEC-7326]
                        Attorney for Chapter 11 Debtor
                        108-18 Queens Boulevard, 4th Floor, Suite 3
                        Forest Hills, New York 11375
                        Telephone: (718) 258-1500

Motion Date:  December 2, 2015
Motion Time: 11:30am

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                      Case No. 1-15-42036-nhl

SBTICKETS.COM LLC,                                         CHAPTER 11

                 Debtor.

-------------------------------------------------------X          **MOTION**

### MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 SEEKING THE ENTRY OF AN ORDER APPROVING THE CLASS ACTION SETTLEMENT

TO THE HONORABLE NANCY HERSHEY LORD, UNITED STATES BANKRUPTCY JUDGE:

Mark E. Cohen, Esq., as attorney for the Debtor, SBTickets.com LLC (the "Debtor") in the above captioned case, submits this Motion pursuant to Rule 9109 of the Federal Rules of Bankruptcy Procedure seeking the approval of the Class Action Settlement Agreement which is annexed hereto as Exhibit "A," respectfully sets forth and represents as follows:

### Background

1.  On May 1, 2015 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as a debtor in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee of unsecured creditors has been appointed.  No request has been made for the appointment of a trustee or examiner in this chapter 11 case.

2.  The Debtor is engaged principally in the business of hospitality and ticket broker services primarily for the Super Bowl and its attendant events.

3.  No trustee, examiner or Official Committee of Unsecured Creditors has been

appointed in this Chapter 11 Case.

## The Class Action Lawsuit

4.  On March 4, 2015, the plaintiffs David Iacovelli, Kham Lin, Judy Paulson, Brendan Redwood and Brent Sterritt filed a putative class action complaint against the Debtor and Paul Jones in Maricopa County Superior Court (the "Class Action Lawsuit"). The case was assigned Case Number CV2015-001459, alleging causes of action under the Arizona Consumer Fraud Act, A.R.S. §44-1522(A), common law fraud, breach of contract, promissory estoppel and unjust enrichment. In response to the Class Action Lawsuit, this Chapter 11 case was filed.

5.  Upon the retention of Mark E. Cohen, Esq. as attorney for the Chapter 11 debtor, counsel has engaged in extensive settlement negotiations with the attorney for the plaintiffs in the Class Action Lawsuit. On October 2, 2015, the parties came to an agreement as to the settlement of the Class Action Lawsuit. The Class Action Settlement Agreement is annexed hereto as Exhibit "A."

6.  With the exception of twelve individuals as set forth in the debtor's Schedule E, and the State of Washington as set forth in the debtor's Schedule F, all other creditors as set forth in this case are part of the putative class represented by the Class Action Lawsuit. Section 3 of the Class Action Settlement Agreement defines the settlement class.

**7.** The Class Action Settlement Agreement provides that the defendants will pay the sum of $100,000.00 into a common fund for the benefit of the Settlement Class. These funds will be paid by Paul Jones from personal funds which are not related to or otherwise derive from the Debtor. Mr. Jones shall make payment of this $100,000.00 as follows: $25,000.00 no later than November 1, 2015, and which amount he has paid, $15,000.00 no later than December 3, 2015,

with the balance no later than April 3, 2015, all as provide in Section 1.21 of the Class Action

Settlement Agreement.

**Basis For The Relief Requested**

8.  ln approving a compromise or settlement, the Bankruptcy Court is required

to make an "informed and independent judgment" as to whether the compromise and

settlement is fair and equitable based on an:

> educated estimate of the complexity, expense and likely duration of [any]
>
> litigation, the possible difficulties of collecting on any judgment which might be
>
> obtained, and all other factors relevant to a full and fair assessment of the wisdom
>
> of the proposed compromise.  Basic to this process, in every instance, of course, is
>
> the need to compare the terms of the compromise with the likely rewards of
>
> litigation.

Protective Committee for lndependent Stockholders of TMT Trailer Ferry. lnc. v.

Anderson,  390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968).

9.  In making its determination, the Court should consider whether the proposed

compromise is in the "best interest of the estate." Depo v. Chase Lincoln First Bank, N.A.

(In re Depo.), 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988).  See, In

re Taub, 470 B.R. 273, 279 (E.D.N.Y. 2012)

10.  The approval of a settlement is within the sound discretion of the Bankruptcy

Court whereby the Bankruptcy Court must determine whether the proposed settlement is in

the best interest of the estate. Depo, 77 B.R. at 383.  In passing upon a proposed

settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee,"

Depo, 77 B.R. at 384 (citations omitted), or in a case such as this, the debtor-in-possession

who has the rights, powers and duties of the trustee as set forth by 11 U.S.C. §1107(a)..

11. Relevant criteria which the Bankruptcy Court may consider include the following:  (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interests of the creditors. Depo, 77 B.R. at 383, citing In re Patel, 43 B.R. 500, 504-505 [384]  (N.D. Ill. 1984).  In determining whether to approve the motion to settle, the Bankruptcy Court does not substitute its judgment for that of the trustee. Depo, 77 B.R. at 384, citing In re Carla Leather, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), aff'd 50 B.R. 764 (S.D.N.Y. 1985). "Nor is the court 'to decide the numerous questions of law and fact raised by [objections] but rather to canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness.'" Id. quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983).  Moreover, "because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." Depo, 77 B.R. at 384 quoting Patel, 43 B.R. at 505 (emphasis added).

12. Accordingly, the Debtor submits that a settlement of this matter, as set forth in the annexed Class Action Settlement Agreement, is in the best interests of the creditors of this estate.

13. The Debtor respectfully submits that the settlement satisfies the criteria set forth herein.  Accordingly, and based on the foregoing, the Debtor respectfully requests that the Court authorize and approve the Stipulation.

14. It is respectfully requested that the obligation to prepare and file an accompanying memorandum of law pursuant to Local Bankruptcy Rule 9013-l(b) be

dispensed with and waived at this time due to the fact that there are no novel issues of law

to be otherwise addressed and that Bankruptcy Rule 9019 has been generally briefed within

the body of the Motion.

15.  The Debtor shall serve the entire Motion, with exhibits attached, by regular mail

upon: (a) the Office of the United States Trustee, (b) the law firm of Keller Rohrback L.LP.,

the attorneys for the plaintiffs in the Class Action Lawsuit, and (c) upon all other parties who

have appeared in this Chapter 11 case, to wit, The State of Washington and Dennis Baldi.

Only the Notice of Motion is being served upon the creditors as set forth in the debtor's

Schedule E, all other creditors in this case being represented by Keller Rohrback, L.L.P. in

the Class Action Lawsuit.  The complete copy of this application including the Class Action

Settlement Agreement is on file with the United States Bankruptcy Court at the same address

written above and may be examined at the Clerk's office during its business hours.

16.  That no previous application for the relief requested herein has heretofore been

presented.

WHEREFORE, the Debtor respectfully prays that this Court enter an order approving the

Class Action Settlement Agreement, together with such other and further relief as this Court

deems just and proper.

Dated:  Forest Hills, New York
        October 29, 2015

                                        s/*Mark E. Cohen, Esq.*_____
                                        Mark E. Cohen, Esq.
                                        Attorney for the Debtor [MC-7326]
                                        108-18 Queens Boulevard
                                        4th Floor, Suite 3
                                        Forest Hills, New York 11375
                                        Telephone: (718) 258-1500

**AFFIRMATION / CERTIFICATE OF SERVICE**

STATE OF NEW YORK      )
                        ) ss.:
COUNTY OF QUEENS      )

       MARK E. COHEN, an attorney duly admitted to practice law before this Court, affirms the following under the penalties of perjury:

       1.  That on October 29, 2015, I served a true copy of the NOTICE OF MOTION and MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 SEEKING THE ENTRY OF AN ORDER APPROVING THE CLASS ACTION SETTLEMENT, by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive custody of the U.S. Postal Service within the State of New York, addressed to each of the following persons at the last known addresses set forth after each name as follows:

TO:    Office of the United States Trustee
        Eastern District of New York
        201 Varick Street, Suite 10006
        New York, New York 10014

        Keller Rohrback, L.L.P.
        3101 North Central Avenue, Suite 1400
        Phoenix, Arizona 85012
        Attention:  Gary A. Gotto, Esq. and David J. Ko, Esq.

        State of Washington
        Office of the Attorney General
        Bankruptcy & Collections Unit
        800 Fifth Avenue, Suite 2000
        Seattle, Washington 98104-3188

        Dennis Baldi
        N8121 Vye Lane
        Springbrook, Wisconsin 54875

       2.  That on October 29, 2015, I served a true copy of the NOTICE OF MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 SEEKING THE ENTRY OF AN ORDER APPROVING THE CLASS ACTION SETTLEMENT, by depositing true copies of same in a post-paid wrapper, in an official depository under the exclusive custody of the U.S. Postal Service within the State of New York, addressed to each of the following persons at the last known addresses set forth after each name as follows:

TO:    Michael Stevenson, 3115 Hamlet Drive, Tobyhanna, PA 18466

        Elizabeth Hall, 1644 Monterey Blvd, #3, Hermosa Beach, CA 90254

Richard Ludwig, 447 Reed Way, Port Hueneme, CA 93041

Zafer Mehmood, 269 Bennetts Lane, Somerset, NJ 08873

Jackie Risk, 10 Lyndale Park, Orton Wistow, Peterborough, Eng PE26FE

Mattias Frank, Traubenweg 168, Darmstadt Germany, 64293

Kimberly England, 10049 Ranchitos Place, Lakeside, CA 92040

Kempes Yee Jimenez, 2900 North Old Depot Road, Hidalgo, TX 78557

Kim Stevens, 32225 Derby Street, Union City, CA 94587

Mohammed Maroof, 119 Walworth Avenue, Scarsdale, NY 10583

Marguerite Musgnug, 138 S. Taffee Street, Sunnyvale, CA 94086

Wesley Winn, 2192 Funston Avenue, San Francisco, CA 94116

Dated:  Forest Hills, New York
        October 29, 2015


                                    s/*Mark E. Cohen, Esq.*
                                    Mark E. Cohen, Esq.
                                    Attorney for the Debtor [MC-7326]
                                    108-18 Queens Boulevard
                                    4th Floor, Suite 3
                                    Forest Hills, New York 11375
                                    Telephone: (718) 258-1500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------

In re:                                                  Case No. 1-15-42036-nhl

SBTICKETS.COM LLC,                                      CHAPTER 11

        Debtor.

--------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------

### MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 SEEKING THE ENTRY OF AN ORDER APPROVING THE CLASS ACTION SETTLEMENT

--------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------

*MARK E. COHEN, ESQ.*
*Attorney for Chapter 11 Debtor*
*108-18 Queens Boulevard*
*4th Floor, Suite 3*
*Forest Hills, New York 11375*
*Telephone: (718) 258-1500*
*Facsimile: (718) 793-1627*

--------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------